UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

EDIN HUSIDIC, et al.,

    Plaintiffs,

v.

CASE NO. 3:24-cv-963-WGY-SJH

FR8 SOLUTIONS, INC., et al.,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on the Joint Motion for Entry of Order Adopting Stipulation Regarding Production of Electronically Stored Information and Paper Documents ("Motion"). Doc. 93. The Motion seeks entry of an Order adopting the parties' Stipulation Regarding Production of Electronically Stored Information and Paper Documents ("ESI Stipulation"), Doc. 93-1, which is attached to the Motion.

Upon review, the Motion—which contains only a passing reference to Fed. R. Civ. P. 26(c) and does not contain a memorandum of law as required by Local Rule 3.01(a)—fails "to establish, by citation to legal authority or otherwise, that the Court's entry of [an order adopting the ESI Stipulation] is necessary or appropriate, particularly in light of the parties' agreement to the procedures set forth therein." *See Orlando Health, Inc. v. HKS Architects, Inc.*, No. 6:24-cv-693-JA-LHP, 2024 WL 4025379, at *1 (M.D. Fla. Sept. 3, 2024) (denying motion for consent order regarding

electronically stored information ("ESI") protocol). Absent authority "demonstrating that entry of the [ESI Stipulation] by the Court, rather than private agreement amongst the parties, is proper, the" Motion is due to be denied. *See id.*; *see also FL Distribucion S.A. de C.V. v. Sony Interactive Ent. Am. Trading LLC*, No. 23-mc-80177-PHK, 2023 WL 6541861, at *10 (N.D. Cal. Oct. 6, 2023) ("[T]he Parties may at their option resolve and agree on an ESI protocol by private agreement without need for a Court Order.").[1] Otherwise, if a dispute arises regarding ESI protocols or agreements, then, after appropriate conferral, enforcement may be sought with a properly supported motion and memorandum of law. *See Orlando Health, Inc.*, 2024 WL 4025379, at *1.[2]

Accordingly, the Motion (Doc. 93) is **denied without prejudice**. The proposed

---

[1] Even if the parties were to file a properly supported motion showing it appropriate to enter an Order adopting an agreed ESI protocol at this time, they must ensure that their proposal is clear and internally consistent. *See infra* note 2.

[2] Though unclear, the undersigned notes that the ESI Stipulation includes provisions arguably implicating Federal Rule of Evidence 502 ("Rule 502"). Doc. 93-1 at 14-16. However, the Motion does not mention Rule 502 (nor does the ESI Stipulation) and is insufficient to justify any corresponding relief. *See* Local Rule 3.01(a). Moreover, the ESI Stipulation appears to be unclear and ambiguous. *See, e.g.*, Doc. 93-1 at 16 ("The inadvertent production of privileged of work-product ESI, whether inadvertent or otherwise ...."). If the parties intend to seek a non-waiver order pursuant to Rule 502(d), they must expressly so state in any renewed motion, must better explain and properly support the basis for any such request, and must make any necessary edits to their stipulated proposal. To be sure, Rule 502(d) orders are often entered on request. *See Proxicom Wireless, LLC v. Target Corp.*, No. 6:19-cv-1886-Orl-37LRH, 2020 WL 1671326, at *1 (M.D. Fla. Mar. 25, 2020). But a Rule 502(d) order remains discretionary. *See United States v. DaVita, Inc.*, No. 6:17-cv-1592-Orl-37GJK, 2020 WL 12813697, at *1-2 (M.D. Fla. Aug. 4, 2020) ("The Motion lacks a sufficient factual predicate to persuade the court to exercise its discretion to issue a 502(d) order. Should the request be renewed, any factual allegations regarding whether such an order is warranted shall be supported by affidavit, affirmation, or otherwise verified."). The parties should also consider that, even if authorized, the protection of Rule 502(d) is limited to material covered by the attorney-client privilege or work-product privilege and will not be expanded beyond that narrow scope. *See Proxicom*, 2020 WL 1671326, at *2.

order attached to the Motion (Doc. 93-2) is **stricken**. *See* Local Rule 3.01(j).

    **DONE AND ORDERED** at Jacksonville, Florida, on September 10, 2025.

                                                  Samuel J. Horovitz
                                                  United States Magistrate Judge

Copies to:

Counsel of Record